**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In the Matter of the Complaint of<br>JOSEPHA A. CAMPINHA-BACOTE<br>d/b/a/ TRANSCULTURAL C.A.R.E<br>ASSOCIATES,<br><br>                Plaintiff,<br><br>v.<br><br>ANNETTE REARDEN,<br><br>                Defendant. | Case No. 3:10-cv-00139-JDR<br><br>**ORDER  DENYING  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [26] AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT [19 & 31]**<br><br>Dockets 19, 26 & 31 |

There are three pending motions for summary judgment in this case. This order address all three of the motions in turn. The parties were heard at oral argument on the pending motions on March 18, 2011. This order reflects the positions argued at the hearing and the pleadings filed relating to each motion. Due to the many disputed material facts, considering that the parties have not yet concluded discovery, and for the reasons articulated below, all motions for summary judgment are HEREBY DENIED.

## I. Factual Background

Ms. Campinha-Bacote, the Plaintiff, is the President and founder of Transcultural C.A.R.E., d/b/a Transcultural C.A.R.E. Associates, a sole proprietorship. Plaintiff filed the instant action alleging copyright infringement on June 19, 2010. In her Complaint (Docket 1) she alleges that the Defendant, Ms. Rearden, used a copyrighted image without permission in a student project. The item in question is a graphic image the Plaintiff uses as the logo in her business, a globe held up by five (5) hands with the words "Transcultural C.A.R.E." appearing on the image.

The Plaintiff paid Cynthia Thomas $1,000.00 to design the logo in 1991. According to an affidavit filed by the Plaintiff, the arrangement was a work for hire and Ms. Thomas agreed that she would "retain no interest or rights" to the work upon its completion.[1] The Plaintiff then used the logo in her book, *The Process of Cultural Competence: A Culturally Competent Model of Care*, which she subsequently submitted to the U.S. Patent Office for a copyright. The logo was used on the cover of the copyrighted document. A copyright was given to the Plaintiff as to the items submitted, including the logo. The copyright application contained a question as to whether the item submitted was a work for hire. The Plaintiff did not indicate that the

---

[1] Docket 47-2, *Affidavit of Cynthia Thomas*, p. 1.

submitted work included a work made for hire, the logo which was created by Ms. Thomas.

At the time of the alleged infringement, the Defendant was a student at the University of Alaska Anchorage studying for an advanced degree in nursing. She was taking a course in distance education and gave a presentation on Trans Cultural Care in Nursing. She made a slide-show presentation as part of her assignment for class. Included in that slide-show, on page 13, was the logo in question.[2] She did not have permission from the Plaintiff to use the image.

## II. Summary Judgment Standard

The parties have filed their motions for summary judgment in accordance with Federal Rule of Civil Procedure 56(a).[3] That Rule states, in part:

> . . . A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. . . .

In deciding a motion for summary judgment, the court views the evidence, and the inferences therefrom, in the light most favorable to the non-moving party.[4] Three United States Supreme Court cases have clarified what a non-moving party must do

---

[2] *See* Docket 21-1, *Affidavit of Annette Rearden*, Exhibit A, p. 13.

[3] F.R.C.P. Rule 56, effective December 1, 2010.

[4] *Levin v. Knight*, 780 F.2d 786, 787 (9th Cir. 1986).

to withstand a summary judgment motion. As explained by the Ninth Circuit in

*California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*:

> First, the Court has made clear that if the non-moving party will bear the burden of proof as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317 [citations omitted] (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are 'genuine factual issues that properly can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 [citations omitted] (1986) (emphasis added). Finally, if the factual content makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 [citations omitted] (1986). No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.[5]

Finally, "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment."[6]

Some of the facts in this case are agreed-upon. The parties agree that the Plaintiff is the owner of the business Transcultural C.A.R.E. Associates and that she submitted the copyright application attached to the complaint. It is undisputed

---

[5] 818 F.2d 1466, 1468 (9th Cir. 1987).

[6] *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002).

that Cynthia Thomas created the globe logo. It is also undisputed that the Plaintiff paid Ms. Thomas to create that logo. It is undisputed that the Plaintiff did not give a notice of copyright of the logo on her website. It is undisputed that the Defendant used the logo in a student presentation without the permission of the Plaintiff.

The three pending summary judgment motions are reviewed individually below.

A. Defendant's Motion for Summary Judgment at Docket 19

In 1991 Dr. Campinha-Bacote paid Cynthia Thomas to develop a logo with five hands holding a globe and the words "Transcultural C.A.R.E." Plaintiff applied for and received a Certificate of Registration for her book, presumably including the logo, in 1991.

Defendant's Motion for Summary Judgment at Docket 19 makes three arguments for summary judgment: 1) That there is no evidence of a work made for hire; 2) That there is no evidence of a transfer of interest in the logo from Cynthia Thomas to the Plaintiff; and, 3) That the copyright paperwork does not establish Plaintiff's copyright in the logo.

1. Work Made for Hire

The Copyright Act establishes a means for an employer to hire a person to complete a work made for hire wherein the copyright for the work will vest in the

employer.[7]  Defendant argues that the Plaintiff must establish she has exclusive rights to the logo copyright.  Since Ms. Thomas created the logo the copyright of it vested and remains with her unless the Plaintiff can prove Ms. Thomas's work was a valid work made for hire under 17 U.S.C. § 201(b), or that Ms. Thomas transferred her rights to the Plaintiff under 17 U.S.C. § 201(d).

The rules of copyright law vest the creator of an original work a copyright in that work at the time the work is "fixed."[8]  Cynthia Thomas was initially vested with a copyright in the globe logo when she created it.[9]  With a work made for hire, the person for whom the work was prepared is considered the author unless indicated otherwise in a written agreement signed by both parties.  Since Ms. Thomas created the logo, the copyright would vest and remain with her unless the Plaintiff can prove Ms. Thomas's work was a valid work made for hire in accordance with 17 U.S.C. § 201(b) or Ms. Thomas transferred her rights to the Plaintiff as described in 17 U.S.C. § 201(d).

Resolving the work for hire issue determines the author of the work and who can later transfer the copyright.  The Copyright Act defines a work for hire at 17 U.S.C. § 201(b).  Both parties must agree in writing that the contract is for a work for

---

[7]*See* 17 U.S.C. §§ 101, 201(b).

[8]*See* Lee A. Hollaar, LEGAL PROTECTION OF DIGITAL INFORMATION, The Bureau of National Affairs, Inc., Washington, D.C., p. 12 (2002).

[9]*See* 17 U.S.C. § 201(a).

hire.[10] The Plaintiff has not produced an original agreement signed at the time the work on the logo was commissioned. But, the court in *Playboy Enterprises, Inc., v. Dumas* held that the writing requirement referenced in § 101(2) can be met by a writing executed after the work is created "if the writing confirms a prior agreement, either explicit or implicit, made before the creation of the work."[11] The Plaintiff produced an affidavit and release executed by Ms. Thomas acknowledging that the work was a work made for hire and that she did not retain any rights in the logo. Plaintiff has also provided her own affidavit.[12] The affidavits are sufficient to rebut Defendant's argument that the Plaintiff cannot establish an exclusive right to the globe logo.

### 2. Transfer of Interest

As noted above, the Plaintiff produced evidence that she had a work made for hire relationship with Ms. Thomas. And, in accordance with 17 U.S.C. §§ 101 and 201, this evidence is sufficient to effectuate a transfer of the rights to the logo from Ms. Thomas to the Plaintiff at the time the work was completed. This

---

[10] 53 F.3d 549, 559 (2nd Cir. 1995).

[11] *Id.* at 559.

[12] *See* Docket 47-2; Docket 47-3, *Cynthia Thomas Release and Confirmation of Prior Agreement*; Docket 24, *Affidavit of Josepha Campinha-Bacote.*

sufficiently rebuts Defendant's argument that there is no evidence of a transfer of interest in the logo.

### 3. Copyright of the Logo

The Defendant argues that there is no proof that the logo was included as part of the copyright application in 1991. Plaintiff presented an affidavit executed by Dr. Campinha-Bacote with two exhibits, F and G, showing the attachments to the original copyright application.[13] These items provide enough proof to rebut Defendant's position.

Graphic works are entitled to protection under copyright law.[14] The Plaintiff included the logo in the cover art for the work submitted to the copyright office.[15] The logo is a graphic work and was included in the application for the copyright as part of the entire work submitted. Accordingly, the logo is included in the copyright issued to the Plaintiff.

Plaintiff's application on its face states that the item to be copyrighted includes no "work for hire."[16] The copyright office should have been informed that the work contained a work made for hire as required by 17 U.S.C. § 409(4). A party

---

[13] *See* Docket 24; *Exhibit F*, Docket 24-1; Docket 24-2.

[14] *Reader's Digest Ass'n, Inc. v. Conservative Digest, Inc.*, 821 F2d 800, 806 (D.C. Cir. 1987).

[15] *See* Docket 24-2, p. 1.

[16] *See* Docket 1, *Complaint*, Exhibit B, section 2.

applying for a copyright has a duty of candor to disclose information which is material if there is a substantial likelihood that a reasonable examiner would consider it important.[17] This information need not be determinative. Here, the Plaintiff failed to inform the copyright office about the work for hire. The information was important to the issuance fo a copyright covering the logo. Because of the lack of candor in the application, the statutory presumption of copyright validity under 35 U.S.C. § 282 does not apply to the logo. Plaintiff will be required to prove this element as a matter of law.

        The Defendant further argues that the instant lawsuit was improperly filed as the copyright was issued to Josepha A. Campinha-Bacote and the action was brought in the name of a business entity, Transcultural C.A.R.E. Associates. However, as Plaintiff notes, the business is a sole proprietorship and there is no distinction between the individual and the business.[18]

        In her summary judgment motion, the Defendant also claims that the action is improper because neither she nor the public were put on notice that the

---

[17] *See* 37 C.F.R. § 1.56; *See also Digital Equip. Corp. v. Diamond*, 653 F.2d 701 (1st Cir. 1981).

[18] *See State v. ABC Towing*, 954 P.2d 575 (Alaska Ct. App. 1998).

10-cv-139-JDR Order Denying Summary Judgment @ 19, 26 & 31.wpd    9

Case 3:10-cv-00139-JDR   Document 64   Filed 04/08/11   Page 9 of 19

logo was protected by copyright. However, the law is clear that notice is not a requirement.[19]

In summary, the Plaintiff has filed an affidavit wherein she states that "there was no agreement, neither written nor oral, whereby Ms. Thomas retained any interest or rights in the logo."[20] And, Cynthia Thomas stated in an affidavit that the logo was a work made for hire and that she agreed she would not retain any interests in the logo.[21] According to the Plaintiff's two affidavits and release, the parties agreed before the creation of the logo that it would be a work for hire.[22]

The evidence before the court is sufficient to overcome Defendant's grounds for her motion at Docket 19. Summary judgment on these grounds is inappropriate at this time. The Plaintiff has met her burden to overcome Defendant's Motion. Wherefore, Defendant's Motion for Summary Judgment at Docket 19 is Denied.

---

[19] 17 U.S.C. § 401(a). But, section 401(e) indicates that if the plaintiff does give notice in the form specified in the statute, then an innocent infringement defense will be given no weight.

[20] Docket 24, p. 2.

[21] Docket 47-2.

[22] To prove copyright infringement, the Plaintiff must prove ownership of a valid copyright and infringement of that copyright by invoking one of the exclusive rights of ownership. *Toliver v. Sony Music Entm't, Inc.*, 149 F.Supp. 2d 909 (D. Ak. 2001); *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F3d 1394, 1398 (9th Cir. 1997).

B. Plaintiff's Motion for Summary Judgment at Docket 26

Following Defendant's first motion for summary judgment, the Plaintiff filed a cross-motion for summary judgment at Docket 26. Plaintiff cross-moves for summary judgment based on three arguments: "1) Plaintiff has submitted sufficient and admissible evidence establishing her ownership of a copyright and the protected status of her globe logo; 2) Plaintiff's work qualifies as a 'work for hire' under 17 U.S.C. § 201(b); and 3) No genuine issues of material fact exist."[23]

The court finds that the Plaintiff has presented enough evidence of her rights to the globe logo to avoid summary judgment in favor of the Defendant. However, the issue of whether the copyright application properly included the globe logo is not undisputed and, therefore, is not ripe for summary judgment. At Docket 21 the Defendant brings to the court's attention that the Plaintiff has not submitted the original attachments to the copyright application.[24] The Plaintiff has provided copies of what are allegedly the original attachments to the application, but these were only accompanied in the record by a copy of an email from Plaintiff's Counsel to Defendant's Counsel.[25] No affidavit as to the original attachments or copy of the

---

[23]Docket 27, *Plaintiff's Memorandum in Support of Its Cross-Motion For Summary Judgment*, p. 2.

[24]*See* Docket 21, *Defendant's Memorandum in Support of Motion for Summary Judgment on Plaintiff's "Copyright,"* p. 8.

[25]*See* Docket 27; Docket 27-1; *Exhibit G*, Docket 27-2; *and see* Docket 24; Docket 24-1; Docket 24-2.

actual original application and attachment have been provided.  Therefore, the court is not able to deem this an issue without a dispute over material facts.

Further legal analysis regarding the ownership of the copyright for the logo and the work made for hire issue are addressed above.  Due to the early stage of discovery and the issues regarding material facts surrounding the original attachments to the copyright application, the court declines to grant summary judgment at this time.  Discovery as it relates to summery judgment is discussed more thoroughly below.

Copyright infringement is proved if it is shown that the defendant "copied from plaintiff's copyrighted work and [] that the copying (assuming it to be proved) went so far as to constitute improper appropriation."[26]  However, with respect to Plaintiff's third argument, it is clear that there are issues of material fact in this case.  One example is the issue of whether the Defendant's use of the logo is protected by the fair use doctrine.  The fair use doctrine is an exception to copyright infringement.[27]  Based on the analyses above and the existence of issues

---

[26]Robert A. Gorman, COPYRIGHT LAW, Federal Judicial Center, p. 102-03 (2nd ed. 2006) (quoting *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946)); *see also Sedgwick Claims Mgmt. Servs., Inc. v. Delsman*, No. C 09-1468 SBA, 2009 WL 2157573, *3 (N.D.Cal. 2009) ("[T]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (hereinafter *Sedgwick*) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)).

[27]See *Sedgwick*, 2009 WL 2157573 at *3.

of material facts, especially as they exist regarding the fair use doctrine, the Court hereby denies Plaintiff's Motion for Summary Judgment filed at Docket 26.

Plaintiff also argues that summary judgment is not proper as the parties need more time to conduct discovery. In *Anderson v. Liberty Lobby, Inc.*, the court stated that the non-moving party's burden at summary judgment rests on the assumption that the party "had a full opportunity to conduct discovery."[28] The parties are early in the discovery process. It is likely that additional relevant facts and evidence will come to light through the discovery process.

C. Defendant's Motion for Summary Judgment at Docket 31

Defendant filed a second motion for Summary Judgment at Docket 31. This motion alleges that the Defendant is entitled to summary judgment on the issue of fair use. As noted above, fair use is a statutory exception to copyright infringement.[29] The court may consider the issue of fair use in a motion for summary judgment.[30]

---

[28] 477 U.S. 242, 257 (1986); and *see Doe v. Abington Friends Sch.*, 480 F.3d 252, 259 (3d Cir. 2007) ("Because the Does were not given an opportunity to marshal facts in aid of their argument, we vacate the District Court's grant of summary judgment and remand the case for further proceedings.").

[29] *See Sedgwick*, 2009 WL 2157573 at *3.

[30] *See Id.* at *4 ("[T]he Ninth Circuit has held that a defendant's 'assertion of fair use may be considered on a motion to dismiss, which requires the court to consider all allegations to be true, in a manner substantially similar to consideration of the same issue on a motion for summary judgment when no material facts are in dispute.") (quoting *Leadsinger, Inc. v. BMG Music Publ'g*,

### 1. Fair Use Doctrine

The fair use doctrine is found at 17 U.S.C. § 107. Section 107 states:

> Notwithstanding the provisions of 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, it is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include –
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

Fair use "is a mixed question of law and fact."[31] And, each of the four factors enumerated in the statute must be considered based on the facts of the individual

---

512 F.3d 522, 530 (9th Cir. 2008)) (hereinafter *Leadsinger*).

[31] *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

case.[32] Courts are not restricted to the four factors.[33] The analysis is a "flexible one that [the Court] perform[s] on a case-by-case basis."[34] Additionally, "[n]ot all factors must be met in order for the Court to make a determination of fair use."[35]

The first factor to consider is the purpose and character of the use. This factor is divided into commercial/noncommercial and public/private uses. "Non-commercial use coupled with private use is highly persuasive" of a favorable finding on the first factor.[36] Generally, educational uses are favored under this prong of the test.[37] But, educational use does not automatically establish a fair use defense.[38]

---

[32] *See Id.* at 549.

[33] *Sedgwick,* 2009 WL 2157573 at *4 (quoting *Leadsinger*, 512 F.3d at 529 (9th Cir. 2008)).

[34] *Leadsinger* at 529.

[35] *Sedwick*, 2009 WL 2157573 at *4 (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 822 (9th Cir. 2003) (holding that fair use was established where two of the four factors weighed in favor of the alleged infringer)).

[36] Arthur R. Miller and Michael H. Davis, INTELLECTUAL PROPERTY: PATENTS, TRADEMARKS AND COPYRIGHTS IN A NUTSHELL, Thompson West, p. 364 (4th ed. 2007) (hereinafter INTELLECTUAL PROPERTY) (*See Williams & Wilkins Co. v. United States*, 487 F.2d 1345 (Ct.Cl.1973), *aff'd* 420 U.S. 376 (1975); *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

[37] Cases where educational non-profit uses were rejected under the fair use doctrine largely involve copying large amounts of information from text books or similar materials. *See Macmillan v. King*, 223 F. 862 (D. Mass. 1914); *Encyclopedia Britannica Educ. Corp. v. Crooks*, 447 F.Supp. 243 (W.D.NY. 1978).

[38] *See Marcus v. Rowley*, 695 F.2d 1171 (9th Cir. 1983) (hereinafter *Marcus*).

Further, regarding the first factor, the court should consider "whether and to what extent the new work is 'transformative.'"[39] Whether Ms. Rearden's use was transformitive is still an open question.

The second factor is the nature of the work. Courts must examine the manner in which the copyrighted work was used. For example, if the defendant uses the work in the exact area where the economic potential for the work lies, the court will consider the defendant's use in a less favorable light.[40] Moreover, the nature is sometimes measured by the "creativity and originality that the author has invested."[41] "[T]he more 'transformative the new work, the less will be the significance of other factors.'"[42]

The third factor is the proportional amount and substance of the defendant's use. This factor looks at both quantitative and qualitative use of the work. "Quantity must be evaluated relative to the length of the entire original work

---

[39] *Sedgwick*, 2009 WL 2157573 at *4 (quoting *Campbell v. Acuff-Rose Music*, 510 U.S. 569, 579-80 (1994) (internal citations omitted) (hereinafter *Campbell*)).

[40] *See* INTELLECTUAL PROPERTY, p. 367.

[41] *Id.* (citing *New York Times Co. v. Roxbury Data Interface, Inc.*, 434 F.Supp. 217 (D.N.J. 1977) (hereinafter *New York Times Co*)).

[42] *Sedgwick Claims Management Services, Inc.*, at *4 (quoting *Wall Data Inc., v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 779 (9th Cir. 2006) (quoting *Campbell*, 510 U.S. at 578-79)).

and the amount needed to serve a proper 'purpose.' Amount must also be viewed in light of the 'nature' of the work being used."[43]

The final factor is economic effect. This factor is often cited as the most important of the four.[44] In evaluating this factor, courts must "consider[] both the extent of the market harm caused by the alleged infringer's conduct and the adverse impact on the potential market for the original if this conduct were unrestricted."[45] Specifically, the court examines whether the secondary use "has usurped the commercial demand for the original."[46] Again, though, in areas related to education and scholarship, negative economic effect is difficult to prove.[47]

2. <u>Application of Fair Use Doctrine</u>

---

[43] Kenneth D. Crews, COPYRIGHT LAW FOR LIBRARIANS AND EDUCATORS: CREATIVE STRATEGIES AND PRACTICAL SOLUTIONS, American Library Association, p. 48 (2nd ed. 2006) (hereinafter COPYRIGHT LAW FOR LIBRARIANS AND EDUCATORS).

[44] *See New York Times Co.*, 434 F.Supp. 217. (Economic effect is "the single most important element of fair use.")

[45] *Sedgwick,* 2009 WL 2157573 at *6 (citing *Campbell*, 510 U.S. at 590).

[46] *Id.* (citing *Campbell* at 592).

[47] *See* COPYRIGHT LAW FOR LIBRARIANS AND EDUCATORS, p. 50 ("If your purpose is research or scholarship, market harm may be difficult to prove and courts will generally apply the factor somewhat generously."); *see also Higgins v. Detroit Educ. Broad. Found.*, 4 F.Supp. 1522 (S.D.N.Y. 1991); *Penelope v. Brown*, 792 F.Supp. 132 (D. Mass. 1992); *Maxtone-Graham v. Burtchaell*, 803 F.2d 1253 (2d Cir. 1986), *cert. denied*, 481 U.S. 1059 (1987); *Marcus*, 695 F.2d 1171.

Case 3:10-cv-00139-JDR   Document 64   Filed 04/08/11   Page 17 of 19

The undisputed facts in this case show that the Defendant used the Plaintiff's logo in an educational presentation. Educational uses are highly favored under the fair use doctrine.

However, the facts as to the proportional amount and substance and potential economic effect are disputed. The Plaintiff argues that the logo itself was copyrighted and so the Defendant's use of the logo constitutes use of the entirety of the copyrighted item. The Defendant argues that the logo was copyrighted as part of a large text, making the use minimal. Further, the parties disagree as to economic effect. The Plaintiff argues that the use of the logo constituted a de facto endorsement by the Plaintiff of the Defendant's work. Thus, improper use would discredit the Plaintiff in the academic world and lead to economic harm to herself and her brand. The Defendant argues that because the work was used only on one portion of one page of an educational presentation to a small class, there is no economic effect.

The parties are early in the discovery process. It is clear that more facts may come to light during discovery which will effect the weighing of the four fair use factors. Summary judgment is only proper after the parties have had adequate time to conduct discovery.[48] Summary judgment is also only proper when there is no genuine dispute as to any material fact. Given the disputed facts in this case, fair

---

[48] *See Anderson*, 477 U.S. at 257 (1986); and *see Doe*, 480 F.3d at 259.

use is an issue more properly suited as a defense at trial, and not for summary judgment.

For these reasons, Defendant's Motion for Summary Judgment at Docket 36 is HEREBY DENIED.

### III. Conclusion

The court has considered the parties pleadings and positions stated during oral argument. Summary Judgment is not proper at this time. The Court therefore DENIES ALL PENDING MOTIONS FOR SUMMARY JUDGMENT.

IT IS SO ORDERED.

DATED this __7th__ day of April, 2011, at Anchorage, Alaska.

                                          /s/ John D. Roberts
                                          JOHN D. ROBERTS
                                          United States Magistrate Judge